UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                         Case No. 21-cr-0054-bhl

BILLY EVANS,

        Defendant.

## ORDER

On July 14, 2014, the Honorable Linda R. Reade of the Northern District of Iowa sentenced Defendant Billy Evans to a term of fifty-seven (57) months' imprisonment to be followed by a three-year term of supervised release after he pleaded guilty in Case No. 14-1007-001 to possession of a firearm and ammunition by a felon. (ECF No. 14 at 1.) On March 31, 2017, Evans appeared before the Honorable David R. Herndon in the Southern District of Illinois, Case No. 16-30089-001, and was sentenced to a term of forty-one (41) months' imprisonment plus three years of supervised release after having pleaded guilty to assault with a dangerous weapon with the intent to do bodily injury. (*Id.*) Judge Herndon's sentence was to run consecutive to Judge Reade's sentence. (*Id.*) On March 5, 2021, this Court accepted jurisdiction over Evans's term of supervision in both cases, and Evans began serving both terms on April 6, 2021. (*Id.*) The cases are noted on this Court's docket as Case No 21-cr-0054 and Case No. 21-cr-0055.

Evans appeared before the Court for revocation proceedings based on his alleged possession of three firearms, shooting a firearm and striking a person, and using illegal substances (ECF No. 14 at 2–3.) On October 3, 2023, this Court revoked the defendant's term of supervision and imposed a sentence of fourteen months concurrently in Case No. 21-cr-0054 and Case No. 21-cr-0055, with the sentence also running consecutively to Milwaukee County Case No. 2022CF003427.

On August 4, 2025, Evans filed a *pro se* motion for sentencing transcript. (ECF No. 19.) In his motion, Evans states that he was sentenced by this Court to serve a term reflected in an attachment, described as Exhibit A, but the document he filed has no attachments or exhibits. (*Id.*

at 1.) Evans further states that he desires to file a post-conviction pleading with this Court. (*Id.*) Given the defendant's history, it is not clear which sentencing hearing transcript Evans is seeking. The Court could deny Evans's request on this ground alone.

Based on the current record, Evans has not established that he is entitled to a copy of his sentencing transcript (regardless of which sentencing proceeding he intends to challenge). To the extent he seeks a transcript in connection with a federal habeas petition under 28 U.S.C. §2255, he must first file a petition before he can request a transcript. Under 28 U.S.C. §2250, the Court may order the Clerk to furnish a habeas petitioner certified copies of documents or other parts of the record, including transcripts, if the petitioner has an application for a writ of habeas corpus pending and the Court has allowed the petitioner to prosecute the application *in forma pauperis*. At this point, however, Evans has not filed any such petition for habeas corpus and he is not entitled to a transcript. *See United States v. Ellis*, No. 06-CR-33, 2008 WL 2705586, *1 (E.D. Wis. July 8, 2008) (collecting cases). This is not a heavy burden. Filing a habeas petition does not require Evans to present a detailed factual record. He need only allege a plausible basis for relief. To the extent he needs transcripts to build the record and/or resolve factual disputes, Evans may renew his request after he files his petition. For now, however, his motion for a sentencing transcript will be denied as premature and without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Billy Evans's *pro se* motion for sentencing transcript, ECF No. 19, is **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin on August 11, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
